Although I concur in the affirmance of the appellant's conviction for sexual abuse in the first degree, I respectfully dissent from the majority's holding in Part I of its opinion reversing the appellant's sodomy in the first degree conviction, and rendering a judgment in the appellant's favor. In Part I, the majority holds that there was no evidence of the particular incident of sodomy that the State chose to proceed on after the court required the State to make an election. While the present law as stated in Deason v. State,363 So.2d 1001 (Ala. 1978), and Reed v. State, 512 So.2d 804
(Ala.Crim.App. 1987), requires an election where the proof shows several instances of that offense, I strongly believe that the courts of this State should adopt the position embraced by the California Supreme Court in People v. Jones, 51 Cal.3d 294,270 Cal.Rptr. 611, 792 P.2d 643 (Cal. 1990), with regard to this situation.
In this case, the victim was a seven-year-old girl who testified to specific details of numerous instances of sexual misconduct performed by the appellant from October 1990 until March 1991, while the appellant was living with the victim's mother. In Jones, the California Supreme Court carefully examined the problems involving the prosecution of "resident child molesters" and weighed the competing interests of protecting the due process rights of an accused and ensuring the State a fair opportunity to obtain a conviction in spite of a *Page 223 
very young victim, who may provide the only testimony in the prosecution's case.
The court in Jones held that "generic testimony (e.g., an act of intercourse 'once a month for three years') [which] outlines a series of specific, albeit undifferentiated, incidents, each
of which amounts to a separate offense, and each of which could support a separate criminal sanction" can support a conviction for child molestation, despite the young victim's failure to delineate the exact times, places, dates, or circumstances of the various offenses. Jones, 270 Cal.Rptr. at 622, 792 P.2d at 654 (emphasis in original). "[T]he particular details surrounding a child molestation charge are not elements of the offense and are unnecessary to sustain a conviction." Jones, 270 Cal.Rptr. at 623, 792 P.2d at 655.
Although the trial court in Jones did not require the State to elect between offenses, the California Supreme Court held that an election between separate instances of molestation would not be required because proof of all these instances could be the basis for a jury's finding that the offense of child molestation did occur. The court concluded that the finding that generic testimony can support a conviction for child molestation did not violate an accused's right to notice of the charges against him, his right to present a defense, and his right to a unanimous verdict.
However, the court did describe the kind of evidence that must be presented to support a conviction using generic testimony.
 "The victim, of course, must describe the kind of act or acts committed with sufficient specificity, both to assure that unlawful conduct indeed has occurred and to differentiate between the various types of proscribed conduct (e.g., lewd conduct, intercourse, oral copulation or sodomy). Moreover, the victim must describe the number of acts
committed with sufficient certainty to support each of the counts alleged in the information or indictment (e.g., 'twice a month' or 'every time we went camping'). Finally, the victim must be able to describe the general time period in which these acts occurred (e.g., 'the summer before my fourth grade,' or 'during each Sunday morning after he came to live with us') to assure the acts were committed within the applicable limitations period. Additional details regarding the time, place or circumstance of the various assaults may assist in assessing the credibility or substantiality of the victim's testimony, but are not essential to sustain a conviction."
Jones, 270 Cal.Rptr. at 623-24, 792 P.2d at 655-56 (emphasis in original).
The case before us shows the problems experienced by prosecutors when they are required to elect which incident of several was the basis for the charge in the indictment. The victim in this case testified that the appellant committed sodomy almost every time he "messed" with her. Because of the young age of the victim, she was obviously confused about the specific times and dates of the actual misconduct, but she was not confused that these acts of sodomy had occurred on numerous occasions while the appellant was living with the victim's mother. She just could not say with certainty that the offense of sodomy occurred on the next to the last time he abused her, which was the incident the State elected to proceed on, although she testified that the appellant sodomized her on almost every other occasion when they were together. The victim was able to relate the circumstances surrounding these events and the acts that were performed on her by the appellant. There was clear evidence that the appellant had repeatedly sodomized this child but because the State picked an incident about which the victim was uncertain in its election, the appellant's action goes unpunished.
I urge the courts of this State to adopt the rationale of the California Supreme Court in Jones regarding the sufficiency of a child's testimony against a "resident child molester." Therefore, I respectfully dissent as to Part I of the majority opinion. *Page 224